NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FENGJIE ZHANG, | No. 15-72220 |
| Petitioner, | Agency No. A201-043-740 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before: SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Fengjie Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We grant in part and deny in part the petition for review, and we remand.

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Zhang suffered in China rose to the level of persecution. *Id.* at 1213-17 (finding petitioner suffered past persecution because of his religious beliefs where he was detained, beaten, forced to sign a document promising not to attend a home church, and required to report to the police weekly); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of persecution). Thus, we grant the petition for review as to Zhang's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See Guo*, 897 F.3d at 1217; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We do not reach Zhang's contentions as to the one-year asylum filing deadline, adverse credibility, and corroboration because the BIA did not decide those issues. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

In his opening brief, Zhang does not challenge the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Thus, we deny the petition for review as to Zhang's CAT claim.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**